UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERNEST MURPHY,

                              Plaintiff,

      -against-

CITY OF NEW YORK, NYC DOC CAPTAIN
SHASEANNIA PITTMAN, #967, NYC DOC
OFFICER MICHAEL SINACORE, #15459,
NYC DOC OFFICER DAIN DEALLIE, #18770,
NYC DOC OFFICER LAWRENCE GILKES, # 11150,
NYC DOC OFFICER ROBERT JOHNSON, #3295,
NYC DOC CAPTAIN SONYA HARVEY, # 1109,
NYC DOC OFFICER JEAN-PAUL SOLOMONOFF, #14831,
NYC DOC OFFICER WINSTON WHYTE, # 17093,
NYC DOC CAPTAIN KIMBERLY WILEY, # 98,
NYC DOC OFFICER STEVEN WALKER, # 10317,
NYC DOC CAPTAIN WILLIE PERRY, #480,
NYC DOC CAPTAIN MICHAEL WILLIAMS, #820,
NYC DOC CAPTAIN D. JOHNSON, # 571 (f/n/u),
and NYC JOHN AND JANE DOE CORRECTIONAL
OFFICERS 1-15,

                              Defendants.
-------------------------------------------------------------------X

ANSWER TO FIRST AMENDED
COMPLAINT ON BEHALF OF
DEFENDANT SHASHEANNIA
PITTMAN

Jury Trial Demanded

No. 16 Civ. 4415 (AJN)
(JLC)

      Defendant Captain Shaseannia Pittman, by and through her attorneys, Frankie and Gentile, P.C., as and for an answer with cross-claims to the First Amended Complaint sets forth upon information and belief as follows:

1. Denies the allegations set forth in the Preliminary Statement of the First Amended Complaint, except denies knowledge or information sufficient to form a belief as to which crimes plaintiff was acquitted or convicted of and what sentence was imposed.

1

2. Denies the allegations set forth in paragraph "1" of the First Amended Complaint except admits that plaintiff purports to bring this action as stated therein.

3. Denies the allegations set forth in paragraph "2" of the First Amended Complaint except admits that plaintiff purports to bring this action as stated therein.

4. Denies the allegations set forth in paragraph "3" of the First Amended Complaint except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "4" of the First Amended Complaint except admits that plaintiff purports to lay venue as stated therein.

6. Paragraph "5" of the First Amended Complaint does not contain allegations of fact to which a response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the First Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the First Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the First Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the First Amended Complaint except admits that Defendant Captain Shaseannia Pittman was and is a duly sworn New York City Corrections Captain acting pursuant to her official duties and within the scope of her employment.

11. Denies the allegations set forth in paragraph "10" of the First Amended Complaint and refers all questions of law to this trial Court.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the First Amended Complaint except admits that Captain Shaseannia Pittman acted at all times within the scope of her employment as a New York City Corrections Captain.

13. Denies the allegations set forth in paragraph "12" of the First Amended Complaint except denies knowledge or information sufficient to form a belief as to what crimes of which defendant was acquitted or convicted of committing.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the First Amended Complaint except admits that on July 30, 2013 plaintiff was an inmate at the Otis Bantam Correctional Center on Rikers Island, New York.

15. Denies the allegations set forth in paragraph "14" of the First Amended Complaint.

16. Denies the allegations set forth in paragraph "15" of the First Amended Complaint.

17. Denies the allegations set forth in paragraph "16" of the First Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the First Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the First Amended Complaint.

20. Denies the allegations set forth in paragraph "19" of the First Amended Complaint.

21. Denies the allegations set forth in paragraph "20" of the First Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the First Amended Complaint.

23. Denies the allegations set forth in paragraph "22" of the First Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the First Amended Complaint.

25. Denies the allegations set forth in paragraph "24" of the First Amended Complaint and refers the Court to any referenced infraction report for an accurate account of its contents.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the First Amended Complaint.

27. Denies the allegations set forth in paragraph "26" of the First Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the First Amended Complaint.

29. Denies the allegations set forth in paragraph "28" of the First Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the First Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the First Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the First Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the First Amended Complaint.

34. Denies the allegations set forth in paragraph "33" of the First Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the First Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the First Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the First Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the First Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the First Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the First Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the First Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the First Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the First Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the First Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the First Amended Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the First Amended Complaint.

47. Denies the allegations set forth in paragraph "46" of the First Amended Complaint.

48. Denies the allegations set forth in paragraph "47" of the First Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the First Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the First Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the First Amended Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the First Amended Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the First Amended Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the First Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the First Amended Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the First Amended Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the First Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the First Amended Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the First Amended Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the First Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the First Amended Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the First Amended Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the First Amended Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the First Amended Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the First Amended Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the First Amended Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the First Amended Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the First Amended Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the First Amended Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the First Amended Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the First Amended Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the First Amended Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the First Amended Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the First Amended Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the First Amended Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the First Amended Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the First Amended Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the First Amended Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the First Amended Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the First Amended Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the First Amended Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the First Amended Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the First Amended Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the First Amended Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the First Amended Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the First Amended Complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the First Amended Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the First Amended Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the First Amended Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the First Amended Complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the First Amended Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the First Amended Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the First Amended Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93 of the First Amended Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the First Amended Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the First Amended Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the First Amended Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the First Amended Complaint.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the First Amended Complaint.

100. Denies the allegations set forth in paragraph "99" of the First Amended Complaint.

101. Denies the allegations set forth in paragraph "100" of the First Amended Complaint.

102. Denies the allegations set forth in paragraph "101" of the First Amended Complaint.

103. Denies the allegations set forth in paragraph "102" of the First Amended Complaint.

104. Denies the allegations set forth in paragraph "103" of the First Amended Complaint.

105. Denies the allegations set forth in paragraph "104" of the First Amended Complaint.

106. Denies the allegations set forth in paragraph "105" of the First Amended Complaint.

107. Denies the allegations set forth in paragraph "106" of the First Amended Complaint.

108. Denies the allegations set forth in paragraph "107" of the First Amended Complaint and refers all questions of law to the trial Court.

109. Denies the allegations set forth in paragraph "108" of the First Amended Complaint.

110. Denies the allegations set forth in paragraph "109" of the First Amended Complaint.

111. Denies the allegations set forth in paragraph "110" of the First Amended Complaint.

112. Denies the allegations set forth in paragraph "111" of the First Amended Complaint.

113. In response to paragraph "112" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

114. Denies the allegations set forth in paragraph "113" of the First Amended Complaint.

115. Denies the allegations set forth in paragraph "114" of the First Amended Complaint.

116. Denies the allegations set forth in paragraph "115" of the First Amended Complaint.

117. In response to paragraph "116" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

118. Denies the allegations set forth in paragraph "117" of the First Amended Complaint.

119. Denies the allegations set forth in paragraph "118" of the First Amended Complaint.

120. Denies the allegations set forth in paragraph "119" of the First Amended Complaint.

121. Denies the allegations set forth in paragraph "120" of the First Amended Complaint.

122. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the First Amended Complaint.

123. Denies the allegations set forth in paragraph "122" of the First Amended Complaint and refers all questions of law to the trial Court.

124. Denies the allegations set forth in paragraph "123" of the First Amended Complaint.

125. In response to paragraph "124" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

126. Denies the allegations set forth in paragraph "125" of the First Amended Complaint.

127. Denies the allegations set forth in paragraph "126" of the First Amended Complaint.

128. Denies the allegations set forth in paragraph "127" of the First Amended Complaint.

129. In response to paragraph "128" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

130. Denies the allegations set forth in paragraph "129" of the First Amended Complaint.

131. Denies the allegations set forth in paragraph "130" of the First Amended Complaint.

132. Denies the allegations set forth in paragraph "131" of the First Amended Complaint.

133. Denies the allegations set forth in paragraph "132" of the First Amended Complaint.

134. In response to paragraph "133" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

135. Denies the allegations set forth in paragraph "134" of the First Amended Complaint.

136. Denies the allegations set forth in paragraph "135" of the First Amended Complaint.

137. Denies the allegations set forth in paragraph "136" of the First Amended Complaint.

138. Denies the allegations set forth in paragraph "137" of the First Amended Complaint and refers all questions of law to the trial Court.

139. Denies the allegations set forth in paragraph "138" of the First Amended Complaint.

140. In response to paragraph "139" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

141. Denies the allegations set forth in paragraph "140" of the First Amended Complaint.

142. Denies the allegations set forth in paragraph "141" of the First Amended Complaint.

143. Denies the allegations set forth in paragraph "142" of the First Amended Complaint and refers all questions of law to the trial Court.

144. Denies the allegations set forth in paragraph "143" of the First Amended Complaint.

145. In response to paragraph "144" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

146. Denies the allegations set forth in paragraph "145" of the First Amended Complaint.

147. Denies the allegations set forth in paragraph "146" of the First Amended Complaint.

148. Denies the allegations set forth in paragraph "147" of the First Amended Complaint.

149. Denies the allegations set forth in paragraph "148" of the First Amended Complaint.

150. Denies the allegations set forth in paragraph "149" of the First Amended Complaint.

151. Denies the allegations set forth in paragraph "150" of the First Amended Complaint and refers all questions of law to this trial Court.

152. Denies the allegations set forth in paragraph "151" of the First Amended Complaint.

153. In response to paragraph "152" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

154. Denies the allegations set forth in paragraph "153" of the First Amended Complaint.

155. Denies the allegations set forth in paragraph "154" of the First Amended Complaint and refers all questions of law to the trial Court.

156. Denies the allegations set forth in paragraph "155" of the First Amended Complaint.

157. In response to paragraph "156" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

158. Denies the allegations set forth in paragraph "157" of the First Amended Complaint.

159. Denies the allegations set forth in paragraph "158" of the First Amended Complaint.

160. Denies the allegations set forth in paragraph "159" of the First Amended Complaint.

161. Denies the allegations set forth in paragraph "160" of the First Amended Complaint.

162. In response to paragraph "161" of the First Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

163. Denies the allegations set forth in paragraph "162" of the First Amended Complaint and refers all questions of law to this trial Court.

164. Denies the allegations set forth in paragraph "163" of the First Amended Complaint and refers all questions of law to the trial Court.

165. Denies the allegations set forth in paragraph "164" of the First Amended Complaint and refers all questions of law to the trial Court.

166. Denies the allegations set forth in paragraph "165" of the First Amended Complaint.

167. Denies the allegations set forth in paragraph "166" of the First Amended Complaint.

168. Denies the allegations set forth in paragraph "167" of the First Amended Complaint.

169. Denies the allegations set forth in paragraph "168" of the First Amended Complaint.

170. Denies the allegations set forth in paragraph "169" of the First Amended Complaint.

171. Denies the allegations set forth in paragraph "170" of the First Amended Complaint and refers all questions of law to the trial Court.

172. Denies the allegations set forth in paragraph "171" of the First Amended Complaint.

173. Denies the allegations set forth in paragraph "172" of the First Amended Complaint.

174. Denies the allegations set forth in paragraph "173" of the First Amended Complaint and refers all questions of law to this trial Court.

175. Denies the allegations set forth in paragraph "174" of the First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

176. The complaint fails to state a cause of action upon which relief may be granted against the defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

177. The defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York, or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

178. Plaintiff is not entitled to punitive damages under the circumstances of this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

179. Defendant is entitled to any setoff applicable under the circumstances of this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

180. Defendant is entitled to immunity as she, at all times relevant to the amended complaint, reasonably, properly and lawfully exercised her discretion as a public employee.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

181. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

182. Plaintiff may have failed to satisfy mandatory conditions precedent to instant action including, but without limitation, those established under Sections 50-e, 50-h, and 50-I of the New York City Municipal Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

183. Plaintiff's injuries, if any, resulted solely from his own culpable or negligent conduct or the culpable or negligent conduct of others and were not the proximate result of action by the defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

184. Plaintiff has failed to join necessary parties to this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

185. Plaintiff's claims may be barred by the Prison Litigation Reform Act.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

186.     The Court lacks jurisdiction of the person of defendant Pittman.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

187.     Defendant reserves the right to amend and/or supplement these affirmative defenses during the course of this litigation.

## FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

188.     At all times relevant in this action, all of the actions of the defendant were performed as part of her duties and within the scope of her employment and the rules and regulations as a Correction Captain for the New York City Department of Correction.

189.     Any damages sustained by the plaintiff at the time or place mentioned in the Complaint are embraced within the indemnification clause of Section 50-k of the New York State General Municipal Law.

190.     Section 50-k (3) of the New York State General Municipal Law states:

> **The city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.**

191.    Pursuant to 50-k(3), if it is shown that the defendant is in any way liable to the plaintiff based upon the allegations in the amended complaint, the defendant is entitled to recover from the City of New York the full amount of any judgment which might be rendered against the defendant.

## SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

192.    Defendant repeats, reiterates and re-alleges the allegations set forth in paragraphs "187" through "190" with the same force and effect as if fully set forth herein.

193.    Defendant has denied the material allegations asserted against her in the underlying action and has asserted affirmative defenses.

194.    If the plaintiff sustained injuries and damages alleged in the amended complaint, such injuries and damages were sustained by reason of negligence by the defendant City of New York, its agents, servants and/or employees.

195.    Therefore, if the injuries and damages alleged in the amended complaint were caused as a result of negligence or wrongdoing other than by the plaintiff's own culpable conduct, then such damage is a result of the knowing, reckless and/or grossly negligent acts and omissions of the defendant City of New York and its supervisory officials, and not defendant Williams.

196.    Consequently, if it is shown that the defendant is in any way liable to the plaintiff based upon the allegations in the amended complaint, defendant is entitled to recover from the City of New York the full amount of any judgment that might be rendered against the defendant.

WHEREFORE, defendant Correction Captain SHASEANNIA PITTMAN respectfully demands:

a) Judgment dismissing the complaint in its entirety;

b) Judgment on each of his cross-claims against the defendant City of New York for the amount of any judgment that may be obtained herein by the plaintiff against the defendant, or in an amount equal to the excess over and above their equitable share of any such judgment, and

c) Together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: Mineola, New York
       October 24, 2016

                Respectfully submitted,

                FRANKIE & GENTILE, P.C.
                *Attorneys for Defendant Pittman*
                1527 Franklin Avenue, Suite 104
                Mineola, New York 11501
                (516) 742-6590

                By: James G. Frankie, Esq.

To:
Ryan Lozar, Esq.
305 Broadway, 10th Floor
New York, NY 10007
(310) 867-1562
FAX: (877) 666-4456
E-MAIL: ryanlozar@gmail.com

Eviana Englert, Esq.
NYC Law Department
100 Church Street
New York, NY 10007
(212) 356-5055
FAX: (212) 356-3509
E-MAIL: eenglert@law.nyc.gov

Julie A. Ortiz, Esq.
Koehler & Isaacs, LLP
61 Broadway, 25th Floor
New York, NY 10006
(917) 551-1317
E-MAIL: JOrtiz@koehler-isaacs.com