UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERNEST MURPHY,

                              Plaintiff,

                -against-

CITY OF NEW YORK, et al.,

                         Defendants.

------------------------------------------------------------------------ x

**ANSWER TO CO-DEFENDANT PITTMAN'S CROSS-CLAIMS ON BEHALF OF DEFENDANT CITY OF NEW YORK**

16 Civ. 4415 (AJN)

JURY TRIAL DEMANDED

       Defendant City of New York, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for its answer to the cross-claims of co-defendant Pittman, respectfully alleges, upon information and belief, as follows:

**AS TO "FIRST CROSS-CLAIM AGAINST
<u>DEFENDANT CITY OF NEW YORK"</u>**

       1.   Denies the allegations set forth in paragraph "188" of the cross-claim to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

       2.   Denies the allegations set forth in paragraph "189" of the cross-claim to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required; and respectfully refers the Court to New York State General Municipal Law Section 50-k cited therein for a complete statement of its provisions.

       3.   States that the allegations set forth in paragraph "190" of the cross-claim are conclusions of law to which no response is required, and respectfully refers the Court to the

provision of New York State General Municipal Law Section 50-k cited therein for a complete recitation of its content; to the extent a response may be required, denies all such allegations.

4.   Denies the allegations set forth in paragraph "191" of the cross-claim to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required; and respectfully refers the Court to New York State General Municipal Law Section 50-k cited therein for a complete statement of its provisions.

## AS TO "SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK"

5.   In response to the allegations set forth in paragraph "192" of the cross-claim, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

6.   Denies the allegations set forth in paragraph "193" of the cross-claim, except admits that co-defendant Pittman has generally denied the allegations of wrongdoing against her and has asserted affirmative defenses.

7.   Denies the allegations set forth in paragraph "194" of the cross-claim.

8.   Denies the allegations set forth in paragraph "195" of the cross-claim.

9.   Denies the allegations set forth in paragraph "196" of the cross-claim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

10. The cross-claim fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

11. The cross-claim may be barred by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

12. Co-defendant Pittman's cross-claims against defendant are not ripe for adjudication.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

13. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York, or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

14. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of co-defendant Pittman and/or third parties and was not the proximate result of any act of defendant City.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

15. Co-defendant Pittman may not have acted in furtherance of her employment and/or in accordance with New York General Municipal Law §§ 50-e, *et seq*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

16. Punitive damages are not available against defendant City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

17. To the extent co-defendant Pittman asserts state law claims against defendant, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

18. Co-defendant Pittman may have failed to comply with all conditions precedent to suit as required by the New York General Municipal Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

19. Co-defendant Pittman may have acted in violation of the rules and regulations of the New York City Department of Correction and the City of New York at the time of the incident giving rise to the instant case.

**WHEREFORE,** defendant City requests judgment dismissing the cross-claims in their entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 17, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, R.*
  *Johnson, Harvey, Solomonoff, Whyte, Wiley,*
  *Walker, Perry and Williams*
100 Church Street
New York, New York 10007
(212) 356-5055

By:     _____/s/_____
        Eviana Englert
        *Assistant Corporation Counsel*
        Special Federal Litigation

To:   **BY ECF**
      James G. Frankie, Esq.
      *Attorney for Defendant Pittman*

cc:   **BY ECF**
      Ryan Michael Lozar, Esq.
      *Attorney for Plaintiff*

      Julie Ann Ortiz, Esq.
      *Attorney for Defendants Deallie, Gilkes and Sinacore*

16 Civ. 4415 (AJN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST MURPHY,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants

**ANSWER TO CO-DEFENDANT PITTMAN'S CROSS-CLAIMS ON BEHALF OF DEFENDANT CITY**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*100 Church Street*
*New York, New York  10007*
*Of Counsel:  Eviana Englert*
*Tel:  (212) 356-5055*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................................,2016*

*.................................................................................. Esq.*

*Attorney for ......................................................................*