

The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com

JANUARY 13, 2017

The Honorable Alison J. Nathan
United States District Court for the Southern District of New York

Re:     Ernest Murphy v. City of N.Y., No. 16 Civ. 4415 (AJN)

Dear Judge Nathan:

I represent Plaintiff Ernest Murphy in the above-captioned Section 1983 action alleging, inter alia, misconduct on the part of New York City Department of Corrections ("DOC") Corrections Officers which resulted in violations of Mr. Murphy's constitutional rights. I write to provide the Court with the Parties' joint letter in advance of our January 20, 2017, initial pretrial conference.

## I.      Brief statement of the action and principal defenses thereto

### a.  Plaintiff's statement

By way of general background, Mr. Murphy's complaint alleges rights violations that took place while he was in the custody of the City Department of Corrections pending a criminal trial. Docket No. 8. Mr. Murphy entered custody in or around June 2013. He was released in or around June 2016 when he was acquitted of all charges with the exception of resisting arrest.

On or around July 30, 2013, the first of the alleged rights violations occurred. On that occasion, Mr. Murphy alleges that Defendants Pittman, Gilles, Sinacore and Deallie assaulted him without cause, then falsely infracted him to cover up the assault. The infraction allegations included a charge that Mr. Murphy had been found to have a handcuff key on his person. Defendants Pittman, Gilles, Sinacore and Deallie deny Mr. Murphy's allegations, and they have filed cross-claims against the City Defendant. Docket No. 51, 53-55.

Mr. Murphy was cleared of the infraction charges. However, Mr. Murphy alleges that as a result, he was unlawfully flagged as a Centrally Monitored Case. His CMC designated was never corrected despite his regular appeals. That security designation had many negative consequences for Mr. Murphy in the years before his trial. In addition, the other Officer Defendants violated Mr. Murphy's rights during these years as described in his complaint. At times these rights violations were related to, or aggravated by, the July 2013 incident and the enduring improper CMC designation, as described in the complaint.

### b.  Defendants' principal defenses

Defendants deny Mr. Murphy's allegations, which they incorporate herein by reference to their respective pleadings.

## II.     Jurisdiction and venue

Jurisdiction lies with this Court due to Mr. Murphy's allegations that Defendants violated his federal constitutional rights. Venue lies with this Court because the rights violations largely occurred at Rikers Island correctional facilities, which are in the Southern District of New York.

## III.    Motions and/or motion requests

At this writing there are no pending motions.

## IV.    Discovery to date, and discovery expected

Plaintiff's Counsel and Defense Counsel Eviana Englert have exchanged some limited information in early efforts to identify certain Individual Defendants' full names and service addresses. Any and all information that was produced in that context will be served upon all Defendants in Plaintiff's initial disclosures.

Although Defendants have proposed that discovery follow a 120-day schedule, Plaintiff argues that a longer-set schedule may be appropriate in this case due to several unique facts. First, there are many Individual Defendants in this case, a circumstance that will require numerous depositions.  At the same time, all Individual Defendants in this case are not represented by Corporation Counsel as is sometimes the case in a Section 1983 litigation.  The number of attorneys will thus present some scheduling challenges with respect to the many depositions.  Next, insofar as Mr. Murphy's complaint addresses roughly four distinct incidents during his custody, there will be significant document production.

Lastly, Plaintiff believes that a 180-day discovery schedule would be appropriate because certain Defendants have been administratively charged in connection with the July 2013 incident.  At present a trial date has been set for April 28, 2017.  If the administrative charges do not otherwise resolve and that trial date remains (or is set out still further), Plaintiff believes that the 180-day discovery schedule will permit those Defendants' depositions to wait until after their trial if that is appropriate.  In addition, Plaintiff believes that the longer schedule will permit him to collect discovery created over the course of OATH trial preparation and OATH trial itself before the close of pretrial here.

## V.     Settlement negotiations to date

The Parties have not held settlement discussions.

**VI.     Estimated length of trial**

Mr. Murphy estimates that a trial would likely require one week of the Court's time.

Sincerely,

Ryan Lozar
Attorney for Plaintiff