Nathan, A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERNEST MURPHY,

|  | Plaintiff, | **STIPULATION OF** |
|---|---|---|
|  |  | **CONFIDENTIALITY AND** |
| -against- |  | **PROTECTIVE ORDER** |

THE CITY OF NEW YORK, HARVEY, WILEY, D.
JOHNSON, PITTMAN, SINACORE, DEALLIE, GILKES,
R. JOHNSON, SOLOMONOFF, WHYTE, WALKER,        16 Civ. 4415 (AJN)
PERRY, WILLIAMS, and JOHN AND JANE DOE
CORRECTIONAL OFFICERS 1-15,

Defendants.

------------------------------------------------------------------------ x

**WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure,

Defendants City of New York, R. Johnson, Harvey, Solomonoff, Whyte, Wiley, Walker, Perry,

and Williams (hereinafter "Defendants") must disclose certain documents and information to

Plaintiff;

**WHEREAS**, Pursuant to Rules 33 and 34, Plaintiff may seek certain documents

and information from Defendants pursuant to Plaintiff's discovery demands in this action;

**WHEREAS** Defendants deem and/or may deem some of this information and

documents to be confidential, private and/or subject to a law enforcement and/or governmental

privileges and/or other applicable privileges;

**WHEREAS**, Defendants object to the production of those documents unless

appropriate protection for their confidentiality is assured;

1

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by
and between the attorneys for Plaintiff, Defendants, and co-defendants Pittman, Sinacore, Deallie
and Gilkes as follows:

1. This Action shall mean <u>Ernest Murphy v. City of New York, et al.</u>, 16 Civ.
4415 (AJN);

2. As used herein, without waiving the right to later interpose objections
concerning these documents, "Confidential Materials" shall mean:

(a) New York City Department of Correction ("DOC") Investigation File
# IU954/13;

(b) Any DOC documents exchanged throughout the course of discovery by and
between co-defendants Pittman, Sinacore, Deallie and Gilkes, and the parties,
which Defendants have designated as "Confidential;"

(c) DOC personnel and disciplinary-related records and information;

(d) records of investigations regarding the conduct of members of the DOC
conducted by the DOC or other agencies;

(e) any records related to an infraction;

(f) any Genetec or handheld surveillance video footage taken in a DOC facility;
and

(g) other documents and information that may in good faith, during the pendency
of this litigation, be designated "Confidential Materials" by Defendants or the
Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed
"Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by

Plaintiff from sources other than Defendants or co-defendants Pittman, Sinacore, Deallie and Gilkes, or (b) are otherwise publicly available.

4. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Plaintiff's counsel. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

7. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. If Plaintiff objects to the designation of particular documents as "Confidential Materials," Plaintiff shall state such objection in writing to the Defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fifteen (15) days of receiving Defendants' response to Plaintiff's objections, Plaintiff shall seek judicial intervention. Any such materials or information shall

remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

9.      Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiff's case in this Action.

10.     Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of her law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action, to those individuals described in the subparagraphs below.

b. Disclosure before trial may be made only to the Plaintiff, to an expert who has been retained or specially employed by Plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), Plaintiff's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

11.     Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover

page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

12.     If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

13.     Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff may file redacted documents without further order of the Court.

14.     In addition, where reasonable advance notice is given by Plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by Plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

15.     Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials

5

shall verify their return or destruction by affidavit furnished to Defendants' attorney. Notwithstanding this provision, Plaintiff's attorneys may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

16. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

17. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

18.     The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

19.    Nothing in this Stipulation and Protective Order shall be construed to limit

Defendants' use of the Confidential Materials in any manner.

RYAN M. LOZAR
Law Firm of Ryan Lozar
*Attorney for Plaintiff*
305 Broadway, 9th Floor
New York, NY 10007

By: _____
      Ryan M. Lozar, Esq.

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, R.
Johnson, Harvey, Solomonoff, Whyte, Wiley,
Walker, Perry and Williams*
100 Church Street
New York, New York 10007

By: _____
      Eviana Englert, Esq.
      Assistant Corporation Counsel
      Special Federal Litigation

JAMES G. FRANKIE
Frankie & Gentile, P.C.
*Attorneys for Defendant Pittman*
1527 Franklin Ave., Ste. 104
Mineola, NY 11501

By: _____
      James G. Frankie, Esq.

JOEY JACKSON
Koehler & Isaacs, LLP
*Attorneys for Defendants Deallie, Gilkes and
Sinacore*
61 Broadway
New York, NY 10006

By: _____
      Joey Jackson, Esq.

SO ORDERED:

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Dated: _____, 2017

Nothing in this agreement shall be construed
to abrogate or modify the Court's Individual
Practices governing the filing of sealed or
redacted documents.
SO ORDERED.

7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 8 2017

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and

Protective Order dated _____ 2017, entered into the action entitled <u>Ernest Murphy v. City</u>

<u>of New York, et al.,</u> 16 Civ. 4415 (AJN), understands the terms thereof. The undersigned agrees

not to use the Confidential Materials defined therein for any purpose other than in connection

with the prosecution of this case, and will not further disclose the Confidential Materials except

in testimony taken in this case.



Date: _____          Signature: _____


                                    Print Name: _____


                                    Occupation:_____

8