The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com



SEPTEMBER 7, 2017

Re:   Ernest Murphy v. City of N.Y., No. 16 Civ. 4415 (AJN)

Dear Judge Nathan:

    I represent Plaintiff Ernest Murphy in the above-captioned Section 1983 action alleging, inter alia, misconduct on the part of New York City Department of Corrections ("DOC") Corrections Officers which resulted in violations of Mr. Murphy's constitutional rights. I write to make a motion pursuant to Local Rule 37.2 for a pre-motion discovery conference. See SDNY Local Rule 37.2. This is the first such request, and the Parties have conferred at length about the disputes and their respective positions, which I summarize briefly below. I have included Defendants' position as to the disciplinary charges and sanctions dispute as noted.

    I.    **Brief procedural history.**

    On July 17, 2017, the Court entered a Protective Order governing the Parties' handling of sensitive discovery materials. Docket No. 85. On July 25, 2017, the Court held a settlement conference with the Parties which did not resolve the case. Docket Entry 7/25/2017. The Parties have continued to discuss settlement since that conference as they have conferred regarding the discovery disputes herein listed. Paper discovery is relatively advanced, and supplemental productions have recently been made. Discovery is presently scheduled to close on September 15, 2017, and the Court has a final pretrial conference scheduled for October 6, 2017. The Parties have discussed the delays occasioned by these disputes and anticipate moving for a brief extension of fact discovery in a separate letter motion early next week.

    II.    **Personnel, investigative and disciplinary records.**

    a.    **Plaintiff's position.**

    The first dispute relates to Defendants' production of personnel, investigative and disciplinary records relating to allegations made, findings entered and sanctions imposed against Named Individual Defendants relating to the misconduct that is actually at issue in this case.[1] This discovery is by definition relevant and likely to lead to admissible evidence.

---

[1] The term "investigative records" as herein used will refer to municipal records relating to investigations of allegations that Individual Defendants committed misconduct similar in nature to the misconduct alleged in Plaintiff's operative complaint. At times, existing discovery shows that investigative findings gave rise to disciplinary charges against Individual Defendants, and the term "disciplinary records" refers to municipal records relating to subsequent disciplinary proceedings and the imposition of sanctions.

For example, at least two of the incidents that underlie Plaintiff's claims in this action gave rise to investigation and/or sanction of certain Individual Defendants. Defendants have produced a subset of these records. That discovery contains references to still more records which Plaintiff has requested but not received. The disputed production—as with the existing production—would be subject to the terms of the Court's Protective Order. Docket No. 85.

Other contested discovery deals with investigative, disciplinary and sanction records against Individual Defendants arising from similar allegations of misconduct and allegations of untruthfulness. While production of this material is standard in Section 1983 litigation of this kind, here some of it is uniquely relevant because certain Defendants' Negotiated Plea Agreement (NPA)—in which they admitted to misconduct relating to Plaintiff's claims— "bundled" multiple other disciplinary charges into one guilty plea and sanction. Because Defendants' admissions of misconduct relating to the events in this case are indisputably relevant and admissible at trial (and which may have some estoppel effect), Plaintiff is entitled to discovery of records relating to the charges and sanctions bundled in the NPA. Plainly put, Defendants cannot bundle multiple misconduct charges into one NPA, then withhold relevant records because of some claimed taint that they created.

Finally, I argue that this discovery is proportional to the needs of the case. The requested material's existence and volume mutually reinforces its substantive relevance which I discussed, supra. Without irony, Defendants appear to say that public servants with particularly voluminous misconduct records should be able to invoke that volume to justify the withholding of demonstrably relevant and likely admissible discovery.

    b. **Defendants' position.**

Defendants object to the production of the remainder of Plaintiff's requests, *i.e.* the allegations that are "bundled up" with the Negotiated Plea Agreements of defendants Pittman, Sinacore, Deallie and Gilkes, that involve dissimilar allegations or post-date the alleged incident involving Plaintiff. In addition to Defendants' Responses and Objections to Plaintiff's Interrogatory Nos. 3 and 5, and Document Requests Nos. 21, 47, 55 and 75, dated July 5, 2017, Defendants object to the production of these documents on the grounds that they are not relevant to any party's claims or defenses because they involve allegations of misconduct that were not substantiated, allegations that did not result in a finding of misconduct, allegations that are not similar in nature to the allegations underlying the Complaint, and allegations made more than ten years prior to the filing of the Complaint, and thus are too remote to be relevant, or allegations made subsequent to the events alleged in the Complaint. Defendants further object to this request on the grounds that it seeks information that is not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issue, and because the burden or expense of producing all underlying disciplinary files that Plaintiff has requested outweighs the likely benefit to Plaintiff.

### III. <u>Improper redactions and withholdings of Plaintiff's own information.</u>

Plaintiff was a pretrial detainee at all times relevant to this litigation. Among Plaintiff's claims is that Defendants' misconduct caused him undue constitutional injury without adequate process. For example, with respect to Plaintiff's force claim—it was reasonably foreseeable to certain Defendants that their false statements to cover up the assault would leave Plaintiff with an extremely strict enhanced security designation called Centrally Monitored Case (CMC), and it did. As another example, biased Defendants took control of a so-called "investigation" that implicated their own derelictions of duty. This inadequate process resulted in another reasonably foreseeable imposition of a long-term enhanced security designation against pretrial detainee Plaintiff—this time Security Risk Group (SRG) status. Despite the central relevance of substantive and temporal information pertaining to CMC, SRG and other enhanced-security classifications to Plaintiff's claims at summary judgment and trial, Defendants have partially or fully withheld or redacted this information.

### IV. <u>DA's File.</u>

As the Court may recall, among the matters addressed in Plaintiff's complaint is an incident in which certain Defendants—two of them officers against whom Plaintiff had recently made a grievance—falsely stated that Plaintiff possessed a long string of tied-together bedsheets in his cell which he intended to use to escape from a Manhattan DOC detention tower. Among other things, Plaintiff argues that the falsity of this allegation is shown by repeated negative searches of his cell by just prior to the "discovery" of a veritable mountain of bedsheets in that same cell days later. Much later, the DA's Office dismissed the criminal charges brought by the officer relating to the "bedsheet rope." As a result, still <u>more</u> significant security restraints were placed upon the pretrial detainee Plaintiff. At this writing, Defendants have not yet produced the NYPD or DA's File relating to Plaintiff's prosecution for possessing the alleged string of bedsheets. These records will naturally contain Defendants' statements and Plaintiff is entitled to them.

Sincerely,

*Ryan Lozar*

Ryan Lozar
Attorney for Plaintiff