

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

EVIANA ENGLERT
*Assistant Corporation Counsel*
Phone: (212) 356-5055
Fax: (212) 356-3509
eenglert@law.nyc.gov

September 22, 2017

**BY ECF**
Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   <u>Ernest Murphy v. City of New York, et al.</u>, 16 Civ. 4415 (AJN) (JLC)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter of behalf of defendants City of New York, R. Johnson, Harvey, Solomonoff, Whyte, Wiley, Walker, Perry and Williams (hereinafter "Defendants"). Pursuant to Your Honor's Order, dated September 15, 2017, the undersigned, along with counsel for co-defendant Pittman, James G. Frankie, Esq., and counsel for co-defendants Sinacore, Deallie and Gilkes, Joey Jackson, Esq., write jointly in response to Plaintiff's letter motion for a Local Rule 37.2 conference, dated September 7, 2017. (<u>See</u> Docket Entry No. 86).

    By way of background, plaintiff's Complaint brings claims stemming from four separate incidents while he was a pretrial detainee in the custody of the Department of Correction ("DOC") at Rikers Island from 2013 until 2016. (<u>See</u> Docket Entry No. 1). Plaintiff brings federal claims for excessive force, false arrest, and due process violations, as well as a Monell claim against defendant City, and related state law claims pertaining to the July 30, 2013 incident. On July 25, 2017, a settlement conference was held before Your Honor, wherein a settlement agreement was not reached. The parties continued with discovery, and Defendants took the deposition of Plaintiff on September 21, 2017.

### A. Plaintiff's Request for Defendants' Disciplinary Files

In his September 7, 2017 letter motion to the Court, Plaintiff requested: (1) additional "personnel, investigative and disciplinary records relating to the allegations made, findings entered and sanctions imposed against Named Individual Defendants relating to the misconduct that is actually at issue in this case;" and (2) "investigative, disciplinary and sanction records against Individual Defendants arising from similar allegations of misconduct and allegations of untruthfulness." (See Docket Entry No. 86 and 1-2).

As to Plaintiff's first request for records related to the four incidents alleged in the Complaint, Defendants have produced the underlying Investigation Division file related to the July 30, 2013 incident, as well as the Negotiated Plea Agreements ("NPAs") entered into by defendants Pittman, Sinacore, Deallie and Gilkes as a result of the investigative findings, to Plaintiff. Defendants respectfully submit that they are continuing to search for any disciplinary records related to the three other alleged incidents underlying Plaintiff's Complaint, and will produce responsive documents, if any, within 30 days of the date of Plaintiff's letter motion to the Court.

As to Plaintiff's second request for records "arising from similar misconduct and allegations of untruthfulness," Defendants have informed Plaintiff that Defendants will make available for inspection the underlying files regarding substantiated and unsubstantiated allegations of a similar nature to the allegations in the Complaint and false statements within 10 years of the date of the alleged incident pertaining to each respective individually-named defendant.

Plaintiff also requests underlying disciplinary records concerning unrelated allegations that were "bundled up" within the NPAs entered into by defendants Pittman, Sinacore, Deallie and Gilkes as a result of the July 30, 2013 incident. Plaintiff correctly stated Defendants' position in his September 7, 2017 letter motion with regards to those "bundled up" incidents that involve dissimilar allegations or not implicating truthfulness, or that post-date the alleged incident involving Plaintiff. By e-mail, dated September 6, 2017, Defendants informed Plaintiff of the following:

> In addition to Defendants' Responses and Objections to Plaintiff's Interrogatory Nos. 3 and 5, and Document Requests Nos. 21, 47, 55 and 75, dated July 5, 2017, Defendants object to the production of these documents on the grounds that they are not relevant to any party's claims or defenses because they involve allegations of misconduct that were not substantiated, allegations that did not result in a finding of misconduct, allegations that are not similar in nature to the allegations underlying the Complaint, and allegations made more than ten years prior to the filing of the Complaint, and thus are too remote to be relevant, or allegations made subsequent to the events alleged in the Complaint. Defendants further object to this request on the grounds that it seeks information that is not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issue,

and because the burden or expense of producing all underlying disciplinary files that Plaintiff has requested outweighs the likely benefit to Plaintiff.

Defendants maintain these objections as to the production of underlying disciplinary files that are "bundled up" in the NPAs of defendants Pittman, Sinacore, Deallie and Gilkes, as they do not involve allegations of a similar nature to the allegations in the Complaint or false statements, and they post-date the alleged July 30, 2013 incident involving Plaintiff.

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. Under this Rule:

> [p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs to the case*, considering the importance of the issues at stake in the in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b) (emphasis added). Even before the revision to Rule 26(b), in Section 1983 cases, it was "the prevailing practice of courts in the Second Circuit to limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint." Coleman v. County of Suffolk, No. 12-CV-3509 (ARL), 2013 U.S. Dist. LEXIS 167567, at *2 (E.D.N.Y. Nov. 25, 2013) (citations omitted). "Allegations of misconduct that are not similar in nature or relevant to credibility are generally not discoverable." Barrett v. City of New York, 237 F.R.D. 39 (E.D.N.Y. 2006) (citing Fountain v. City of New York, 2004 U.S. Dist. LEXIS 7539 (S.D.N.Y. 2004)).

The "bundled up" disciplinary records at issue are related to allegations against defendants Pittman, Sinacore, Deallie and Gilkes' that post-date the incident underlying the instant action, and thus have no relevance to Plaintiff's claims as against these defendants. Moreover, the disciplinary record "bundled up" in defendant Pittman's NPA involves personal medical information, and the record "bundled up" in defendant Deallie's NPA involves off-duty conduct. Accordingly, Defendants respectfully submit that these records not only have no relevance to Plaintiff's claims, but contain information of an extremely sensitive and private nature, which should not be disclosed to Plaintiff.

Accordingly, Defendants respectfully request that the Court allow Defendants to withhold the "bundled up" disciplinary files for defendants Pittman, Sinacore, Deallie and Gilkes. In the alternative, Defendants respectfully request that the Court permit Defendants to submit these records for *in camera* review prior to the Court making any determination regarding same.

3

## B. Plaintiff's Inmate Classification Information

In his September 7, 2017 letter motion for a Rule 37.2 conference, Plaintiff raised, for the first time, issues with Defendants' redaction and/or withholding of information regarding Plaintiff's Centrally Monitored Case ("CMC") and Security Risk Group ("SRG") classification. (See Docket Entry No. 86 at 3). After further conferring with Plaintiff's counsel, it appears that he is referring to Plaintiff's DOC "classification score" on the Inmate Classification form. Defendants have informed Plaintiff that they will remove the redactions to plaintiff's classification score on the pages identified by Plaintiff, and will re-produce those particular pages to Plaintiff without redactions. Accordingly, Defendants respectfully notify the Court that this discovery issue has been resolved.

## C. District Attorney's Office and New York City Police Department Files Concerning the Alleged October 27, 2014 Incident

In his letter motion, Plaintiff raised, also for the first time, that Defendants have not produced the District Attorney's Office ("DA") and New York City Police Department ("NYPD") files related to the alleged October 27, 2014 "bed sheet incident." Defendants have informed Plaintiff that they have very recently received the DA file related to this incident, and will produce said file to Plaintiff within 14 days of the date of this letter. Defendants have further informed Plaintiff that they have requested, but not yet received, the NYPD documents related to this incident, but that Defendants will produce said files, should they exist, within 30 days of receipt of same. Accordingly, Defendants respectfully submit that this discovery issue has been resolved.

Defendants thank the Court for its time and consideration of the within matters.

Respectfully submitted,

/s/

Eviana Englert
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY ECF**
Ryan M. Lozar, Esq.
*Attorney for Plaintiff*

James G. Frankie, Esq.
*Attorney for Defendant Pittman*

Joey Jackson, Esq.
*Attorney for Defendants Sinacore, Deallie and Gilkes*