UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ERNEST MURPHY,

                                  Plaintiff,

            -against-

THE CITY OF NEW YORK, CAPTAIN PITTMAN, OFFICER SINACORE, OFFICER DEALLIE, OFFICER GILKES, OFFICER R. JOHNSON, CAPTAIN HARVEY, OFFICER SOLOMONOFF, OFFICER WHYTE, CAPTAIN WILEY, OFFICER WALKER, CAPTAIN PERRY, CAPTAIN WILLIAMS, CAPTAIN D. JOHNSON, and JOHN AND JANE DOE CORRECTIONAL OFFICERS 1-15,

                                  Defendants.
------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT**

16 Civ. 4415 (AJN) (JLC)

        **WHEREAS**, plaintiff commenced this action by filing a complaint on or about June 13, 2016, and an Amended Complaint on or about July 29, 2016, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS**, on or about October 24, 2016, defendant Captain Shaseannia Pittman filed a cross-claim against defendant City of New York; and

        **WHEREAS**, on or about October 25, 2016, defendants Officer Michael Sinacore, Officer Dain Deallie and Officer Lawrence Gilkes filed cross-claims against defendant City of New York; and

        **WHEREAS**, defendants City of New York, Officer Robert Johnson, Captain Sonya Harvey, Officer Jean-Paul Solomonoff, Officer Winston Whyte, Captain Kimberly Wiley, Officer Steven Walker, Captain Willie Perry, and Captain Michael Williams have denied any and all liability arising out of plaintiff's allegations; and

WHEREAS, defendant City of New York has denied any and all liability arising out of Captain Pittman's, Office Sinacore's, Officer Deallie's and Officer Gilkes' cross-claims; and

WHEREAS, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

WHEREAS, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. The above-referenced action, including the cross-claims brought by Captain Pittman, Officer Sinacore, Officer Deallie and Officer Gilkes against defendant City of New York, is hereby dismissed against all defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraphs "2" and "4" below.

2. Defendant City of New York hereby agrees to pay plaintiff Ernest Murphy the sum of One Hundred Forty Thousand ($140,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants City of New York, Captain Pittman, Officer Sinacore, Officer Deallie, Officer Gilkes, Officer Johnson, Captain Harvey, Officer Solomonoff, Officer Whyte, Captain Wiley, Officer Walker, Captain Perry and Captain Williams; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims,

2

from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. **In this case only,** defendant City of New York agrees to make payment within 45 days from the date that Plaintiff legally tenders a complete set of closing papers to Defendant City of New York's attorney. Any liens that may exist against Plaintiff's monetary recovery could affect the City's ability to make payment within 45 days.

4. In consideration for being included in and covered by this settlement agreement between defendant City of New York and plaintiff Ernest Murphy, defendants Captain Pittman, Officer Sinacore, Officer Deallie and Officer Gilkes agree to contribute toward this settlement by paying plaintiff Ernest Murphy the sum of Five Thousand ($5,000.00) Dollars within 45 days from the date of this Stipulation, and to the dismissal of any and all cross-claims against defendant City of New York, with prejudice.

5. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

9. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       2/12, 2018

LAW FIRM OF RYAN LOZAR
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(310) 867-1562

By: _____ 2/8/18
    Ryan M. Lozar, Esq.
    *Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, R. Johnson, Harvey, Solomonoff, Whyte, Wiley, Walker, Perry and Williams*
100 Church Street
New York, New York 10007

By: _____
    Eviana Englert, Esq.
    Assistant Corporation Counsel
    Special Federal Litigation

JAMES G. FRANKIE
Frankie & Gentile, P.C.
*Attorneys for Defendant Pittman*
1527 Franklin Ave., Ste. 104
Mineola, NY 11501

By: _____
    James G. Frankie, Esq.

JOEY JACKSON
Koehler & Isaacs, LLP
*Attorneys for Defendants Deallie, Gilkes and Sinacore*
61 Broadway
New York, NY 10006

By: _____
    Joey Jackson, Esq.